UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, WISCONSIN OPERATING ENGINEERS
SKILL IMPROVEMENT AND APPRENTICESHIP
FUND, JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND, TERRANCE E. MCGOWAN,
as a Trustee of said Funds, INTERNATIONAL UNION
OF OPERATING ENGINEERS NATIONAL TRAINING
FUND, JAMES T. CALLAHAN, Co-Chairman of the IUOE
NATIONAL TRAINING FUND BOARD OF TRUSTEES,
CENTRAL PENSION FUND OF THE INTERNATIONAL UNION
OF OPERATING ENGINEERS AND PARTICIPATING
EMPLOYERS, MICHAEL A. CRABTREE
as Chief Executive Officer of CENTRAL PENSION FUND, and
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139,

    Plaintiffs,

v.              CIVIL ACTION NO. _____

CORNERSTONE PAVERS, LLC.
6422 STATE ROAD 31, STE. 1
RACINE, WI 53402,

    Defendant.

## COMPLAINT

    The Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Terrance E. McGowan, as a Trustee of said Funds, International Union of Operating Engineers National Training Fund, James T. Callahan, Co-Chairman of the IUOE National Training Fund Board of Trustees, Central Pension Fund of the International Union

of Operating Engineers and Participating Employers, Michael A. Crabtree as Chief Executive Officer of Central Pension Fund, and the International Union of Operating Engineers, Local 139, by their attorneys, complaining of the Defendant, Cornerstone Pavers, LLC, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA") and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Jurisdiction is based upon the existence of questions arising under federal law, 28 U.S.C. § 1331. In addition, in accordance with 28 U.S.C. § 1367, this court has supplemental jurisdiction over all other claims that are so related to the claims in this action that they form part of the same case or controversy. The rights asserted with respect to all Counts arise from the same series of transactions and there are common questions of law and facts to all Counts.

2. Plaintiffs are administered at N27W23233 Roundy Drive Pewaukee, WI 53702, which is located in this district making venue proper, 28 U.S.C. § 1391(b)(2).

## COUNT I

3. Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, International Union of Operating Engineers National Training Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Plaintiff Funds"), are "employee benefit plans" and "plans" within the meaning of ERISA ("Plans"). Plaintiff McGowan is a fiduciary of Plaintiff Funds except the National Training Fund and Central Pension Fund. James

T. Callahan is Co-Chairman of the IUOE National Training Fund Board of Trustees. Michael A. Crabtree is the Chief Executive Officer of Central Pension Fund.

4. Defendant is a party to multiple collective bargaining agreements ("CBAs") with International Union of Operating Engineers, Local 139 ("Plaintiff Union").

5. Defendant is obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the CBAs. Defendant is also obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the trust agreements that are incorporated by reference in the CBAs and establish and govern Plaintiff Funds ("Trust Agreements").

6. Defendant is an "Employer" within the meaning of ERISA and is obligated to make fringe benefit contributions to Plaintiff Funds pursuant to ERISA, 29 U.S.C. § 1145.

7. As an Employer obligated to make fringe benefit contributions to Plaintiff Funds under the CBAs and Trust Agreements, Defendant is specifically required to do the following:

    A. To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff Funds, or, if no such persons are employed, to submit a report so stating (hereinafter "Monthly Report");

    B. To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

    C. To make all of its payroll books and records available to Plaintiff Funds for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiff Funds;

    D. To compensate Plaintiff Funds for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages up to the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiff Funds for a particular month prior to the 15th day of the succeeding month, plus interest on the late payments, as provided for in the Plaintiff Funds' respective governing documents, *see also* 29 U.S.C. §§ 1132(g)(2)(B) and (C);

E. To pay any and all costs incurred by Plaintiff Funds in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiff Funds;

F. To pay Plaintiff Funds' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions, *see also* 29 U.S.C. § 1132(g)(2)(D); and

G. To furnish to Plaintiff Funds a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff Funds, to cover future contributions due Plaintiff Funds.

8. Defendant has breached its obligations to Plaintiff Funds and its obligations under the Plans and Trust Agreements by failing and refusing to submit the required monthly reports or pay contributions for the time period of August 2021 through the present ("Unaudited Period"). It is unclear what total amount is due for the Unaudited Period. However, for the month of July 2021, Defendant paid $73,000 in contributions, therefore it is estimated that Defendant owes in excess of $100,000 in contributions. In addition to contributions, liquidated damages and interest will be due on all late contributions and continue to accrue during the pendency of this lawsuit.

9. Plaintiff Funds have requested that Defendant perform its obligations on multiple occasions, but Defendant has failed to so perform.

10. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Funds is causing and will continue to cause irreparable injuries to Plaintiff Funds for which they have no adequate remedy at law.

WHEREFORE, Plaintiff Funds request the following relief:

A. That a full and complete account and audit be taken as to all employees of Defendant covered by the CBAs as to wages received and hours worked by such employees to determine amounts required to be paid to Plaintiff Funds, covering the period for which the CBAs are effective;

B. That Defendant be ordered to submit contribution reports and pay all current contributions while this action is pending;

C. That Judgment be entered in favor of the Plaintiff Funds and against Defendant for all unpaid contributions, liquidated damages, interest, any costs of auditing Defendant's records, and Plaintiff Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action, all as provided for in the Plans, Trust Agreements and in ERISA;

D. That Defendant be permanently enjoined and ordered to perform specifically its obligations to the Plaintiff Funds, and, in particular, to continue submitting the required reports and contributions due thereon to the Plaintiff Funds in a timely fashion as required by the Plans and by ERISA; and

E. That the Plaintiff Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II

11. Plaintiff Union is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative and is party to the Collective Bargaining Agreements to which Defendant has agreed to be bound.

12. Under the CBAs, Defendant has agreed to deduct from the wages of those of its employees represented by Plaintiff Union in collective bargaining and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Plaintiff Union on a monthly basis along with Defendant's regular fringe benefit reports and contributions, as described in Count I of this Complaint.

13. Defendant has deducted or has been required to deduct dues from the wages of its employees as required by the CBAs. Plaintiff Union has been unable to verify whether Defendant has properly remitted all such monies deducted from employees' wages to Plaintiff Union, and has instead converted such monies to its own use, as a result of Defendant's failure to submit Monthly Reports, as alleged in Count I of this Complaint.

5

14. The Defendant's acts and omissions as described herein constitute a breach of the CBAs and entitle Plaintiff Union to recover from Defendant all monies which Defendant was required to remit to Plaintiff Union whether deducted from wages or not and whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Union requests the following relief:

A. That a full and complete account and audit be taken as to all employees of Defendant covered by the CBAs as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiff Union, covering the period for which the CBAs are to be effective;

B. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Union;

C. That Plaintiff Union recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

D. That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

## COUNT III

15. Plaintiff Joint Labor Management Work Preservation Fund a/k/a Construction Business Group ("JLMWPF") is a jointly trusted labor management cooperative established to assist workers and employers in solving problems of mutual concern not susceptible to resolution within the collective bargaining process, to improve the employment opportunities of employees, to expand the market for the construction industry, to improve communications between labor and management, and to provide workers and employers with opportunities to explore joint approaches to organization and effectiveness. Plaintiff McGowan is a fiduciary of JLMWPF.

16. Defendant is a party to the CBAs, which require contributions to Plaintiff JLMWPF at a set rate for each hour worked by employees performing work covered under the

CBAs. Plaintiff JLMWPF has been unable to verify whether Defendant has properly remitted and paid all such contributions, as a result of Defendant's failure to submit Monthly Reports or allow Plaintiffs to audit its payroll records, as alleged in Count I of this Complaint.

17. The Defendant's acts and omissions as described herein constitute a breach of the CBAs and entitle Plaintiff JLMWPF to recover from Defendant all monies which Defendant was required to remit to Plaintiff JLMWPF, whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff JLMWPF to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff JLMWPF requests the following relief:

A. That a full and complete account and audit be taken as to all employees of Defendant covered by the CBAs as to wages received and hours worked by such employees to determine amounts required to be paid to Plaintiff JLMWPF, covering the period for which the CBAs are to be effective;

B. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff JLMWPF;

C. That Plaintiff JLMWPF recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

D. That Plaintiff JLMWPF have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

## COUNT IV

18. On February 4, 2020, the Defendant filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Wisconsin (the "Bankruptcy Court"), captioned as *In re Cornerstone Pavers, LLC et al.*, Case No. 20-20882-gmh.

19. On February 22, 2021, the Bankruptcy Court entered an order confirming the joint Chapter 11 plan (the "Plan") of the Defendant and its affiliated debtors Burlington Pavers Leasing, LLC and Cornerstone USA, LLC.

20. Pursuant to Article 7.1(c) of the Plan, the Defendant agreed to make monthly installment payments of $5,000 (and interest at the rate of 6% per annum) from the Effective Date of the Plan until July 15, 2021. Beginning July 15, 2021, Defendant agreed to pay the balance of the amount due (plus 6% interest) in 24 equal installment payments.

21. The Plan Effective Date occurred on March 24, 2021.

22. Defendant last paid the May 2021 installment payment, which was paid in September 2021, four months late. Installment payments for the months of June through October remain outstanding.

23. Defendant breached the terms of the Plan by failing to make timely installment payments.

24. By letter dated September 2, 2021, Plaintiff Funds advised Defendant of the breach and gave it an opportunity to cure the default.

25. Defendant has refused and failed to perform its obligations under the Plan, CBAs and Trust Agreements.

WHEREFORE, Plaintiff Funds request the following relief:

A. That judgment be entered in their favor and against Defendant for breach of the Plan;

B. That Plaintiff Funds recover from Defendant its damages and all costs of collection and recovery, including its reasonable attorneys' fees and costs; and

C. That Plaintiff Funds have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

Dated this 25th day of October, 2021.

/s/ L. Katie Mason

QUARLES & BRADY LLP
L. Katie Mason (1060063)
411 E. Wisconsin Avenue, Suite 2400
Milwaukee, Wisconsin 53202
Phone: 414-277-5000
katie.mason@quarles.com

Attorneys for Operating Engineers Local 139 Health Benefit Fund, Wisconsin Operating Engineers Skill Improvement Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, International Union of Operating Engineers National Training Fund, and the International Union of Operating Engineers Local 139

/s/ Cynthia L. Buchko

Cynthia L. Buchko
Co-Counsel for Operating Engineers Local 139 Health Benefit Fund, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund and Joint Labor Management Work Preservation Fund
a/k/a Construction Business Group
4702 S. Biltmore Lane
Madison, WI 53718
Attorney No. 1036102
Telephone: 608-310-8341
Facsimile: 608-240-4179
E-mail: c.buchko@cbgwi.com